# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIRNELL WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KAREN JAIMET, ) <br> MARCUS MYERS, ) <br> CHARLES HECK, and ) <br> L. HICKS, ) <br> ) <br> Defendants. ) | Case No. 18−cv–1207−NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Tirnell Williams, an inmate of the Illinois Department of Corrections currently housed at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests injunctive relief. (Doc. 3).

This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Amended Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under Section 1915A; this action is subject to summary dismissal.

## **The Amended Complaint**

Plaintiff originally brought the claims in this action in Case No. 18-1015-NJR. On June 6, 2018, the Court determined that Plaintiff had brought claims not properly joined and severed certain claims into this action. (Doc. 1). On July 9, 2018, Plaintiff submitted a proposed amended complaint to the Court, which the Court construed as a Motion for Leave to file First Amended Complaint.[1] (Doc. 9). The Court found that justice required the amendment and directed that the Amended Complaint be filed on July 11, 2018. (Doc. 11).

The Amended Complaint alleges that Plaintiff received a disciplinary report on March 29, 2018, regarding prescription medication found concealed in his cell. (Doc. 12, pp. 1, 14). On

---

[1] Plaintiff had submitted an Amended Complaint in Case No. 18-1015 prior to severance, which satisfied the Court's obligation to allow him to amend once as a matter of course pursuant to Federal Rule of Civil Procedure 15.

2

April 1, 2018, Plaintiff submitted statements to Heck and Myers, who were on the adjustment committee. (Doc. 12, p. 1). Although Plaintiff requested that the adjustment committee interview witnesses and review camera footage, they did neither prior to his adjustment committee hearing on April 4, 2018. *Id*. Plaintiff was punished on April 15, 2018. (Doc. 12, p. 2).

Plaintiff was allegedly served a disciplinary report regarding his possession of two thumb drives on April 6, 2018, but he denies ever receiving it. He likewise denies that he refused to sign the disciplinary report, as Defendant Hicks represented. (Doc. 12, pp. 2, 17). Plaintiff finally received the report on April 10, 2018. (Doc. 12, p. 2). A hearing was held with Heck and Skorch on April 11, 2018. *Id*. Plaintiff alleges that he was not given notice 24 hours before the hearing. *Id*. Plaintiff further objected to the hearing on the grounds that (1) the ticket was not served on April 6, 2018; (2) Lieutenant Wrangler, not Hicks, ultimately gave him the ticket, even though the ticket listed Hicks as the server; (3) he was not notified 24 hours before the hearing; and (4) Skorch's inclusion on the adjustment committee was inappropriate because Skorch was a witness on his behalf. *Id*.

On April 13, 2018, Plaintiff was disciplined with two months in segregation. (Doc. 12, p. 3). Plaintiff mailed numerous requests to Jaimet regarding the April 11 hearing, but his requests were ignored. (Doc. 12, pp. 3, 13).

Plaintiff met with non-defendant Warden Thompson on April 23, 2018, and complained about the alleged due process violations. (Doc. 12, p. 3). Thompson arranged for Plaintiff to have another hearing. *Id*. On April 25, 2018, Plaintiff was summoned to a disciplinary hearing, but once again, he failed to receive 24 hours' notice of the hearing, and Defendants refused to call his witnesses. *Id*. Plaintiff objected to the hearing on the ground that the officers were not impartial because they were aware of Case No. 18-1015. *Id*. As a result of the make-up hearing,

on May 10, 2018, Plaintiff received the same two months of segregation he received before. *Id*. Jaimet agreed with the sanction. *Id*. Exhibits submitted by Plaintiff show that the adjustment committee interviewed Skorch and Jeffery Mitchell in connection with this incident, as requested by Plaintiff. (Doc. 12, p. 22).

On June 5, 2018, Plaintiff received another disciplinary report for an incident in which he allegedly refused to shower and threatened the guards. (Doc. 12, pp. 4, 19). Heck refused to call all of Plaintiff's witnesses and review camera footage, which would have exonerated Plaintiff. (Doc. 12, p. 4). As a result of that hearing, Plaintiff received another 30 days in segregation. *Id*. The exhibit submitted by Plaintiff shows that the adjustment committee interviewed Plaintiff's cellmate and staff member Nathan Bebout as part of their investigation. (Doc. 12, p. 24).

Based on the allegations of the Amended Complaint, the Court finds it convenient to divide the *pro se* action into five counts. The severance order designated three claims for this action, and the amended complaint adds additional claims based on the April 26th re-hearing of the April 4th ticket and the June 5th disciplinary report. Due to the additional claims, the Court will re-designate all claims. The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court.

**Count 1 –** Due process claim against Heck and Myers for finding Plaintiff guilty of the March 28, 2018 disciplinary report (for possession of pills) without calling Plaintiff's requested witnesses;

**Count 2 –** Due process claim against Heck and Hicks for failing to give Plaintiff sufficient notice of the April 4, 2018 disciplinary report (for possession of flash drives) to allow him to prepare his defense and against Heck for improperly allowing Skorch to sit on the disciplinary committee;

**Count 3 –** Due process claim against Heck and Myers for failing to give Plaintiff sufficient notice of the April 25, 2018 disciplinary re-hearing, for holding a hearing after they received notice of Plaintiff's lawsuit, and for refusing to call Plaintiff's requested witnesses;

4

**Count 4** – Due process claim against Heck for refusing to call Plaintiff's witnesses and review camera footage in connection with the June 5, 2018 disciplinary report;

**Count 5** – Due process claim against Jaimet for approving and/or failing to investigate or review the disciplinary actions in Counts 1-4.

## **Discussion**

When a plaintiff brings an action under Section 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). The Seventh Circuit has limited the ability of prisoners to assert that terms in segregation implicate a liberty interest. *Marion v. Columbia Corr. Inst.,* 559 F.3d 693, 697 (7th Cir. 2009). Whether a prisoner has a liberty interest implicated by special confinement relies on whether the confinement imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995). In assessing whether disciplinary segregation amounts to a constitutional violation, a court must examine the length of a prisoner's confinement in segregation in combination with the conditions he endured there. *Kervin v. Barnes*, 787 F.3d 833, 836-37 (7th Cir. 2015); *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). Although relatively short terms of segregation rarely give rise to a prisoner's liberty interest, at least in the absence of exceptionally harsh conditions, such an interest *may* arise from a term of confinement combined with atypical and significant hardships, depending on the severity of the conditions and any additional punishments. *Kervin*, 787 F.3d at 836.

Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner 24 hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to

present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).

Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). To determine whether this standard has been met, courts must determine whether the decision of the hearing board has some factual basis. *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000). Even a meager amount of supporting evidence is sufficient to satisfy this inquiry. *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007).

The Court finds that Plaintiff's claims fail because he has not adequately alleged that the discipline at issue in this litigation deprived him of a recognized liberty interest. All of the discipline Plaintiff received amounts to short periods of time–one to two months–in segregation. Plaintiff refers to the time in the aggregate, but the Court must look at the liberty interest affected by each alleged constitutional violation to determine whether Plaintiff has stated a claim. Prisoners have no liberty interest in avoiding terms in segregation of less than six months. While such terms may state a claim if the attendant conditions present atypical and significant hardship, Plaintiff has not made that allegation here, and so all of his claims must be dismissed without prejudice at this time.

**Count 2** will be dismissed with prejudice, however, because discipline was not imposed at all in connection with that hearing, and thus Plaintiff has not suffered any harm as a result of the hearing on April 4, 2018. Section 1983 is a tort statute, so plaintiff must have suffered a harm to have a cognizable claim. *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009); *Doe v.*

*Welborn,* 110 F.3d 520, 523 (7th Cir. 1997). Here, Plaintiff has alleged that the April 4th hearing violated his due process rights, but he has further alleged that when he complained, he was given a re-hearing. If Plaintiff was deprived of a liberty interest, it was not because of the April 4th hearing because Plaintiff was given a do-over on that hearing. Having suffered no harm, Plaintiff states no claim. Moreover, the due process clause does not suggest that an inmate can never be punished; instead, the question turns on what process is due before an inmate can be punished. Even if the April 4th hearing violated Plaintiff's due process rights, he was given the process that was due when his claims were subjected to a re-hearing. Accordingly, **Count 2** will be dismissed with prejudice.

## Pending Motions

### *Motion for Preliminary Injunction*

The purpose of a preliminary injunction is to preserve the status quo until the merits of a case may be resolved. *Indiana Civ. Liberties Union v. O'Bannon*, 259 F.3d 766, 770 (7th Cir. 2001). *Accord Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("the purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). *Accord Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right."); *Girl Scouts of Manitou Cty., Inc. v. Girl Scouts of USA, Inc.*, 549 F.3d 1079, 1085 (7th Cir. 2008) ("[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it.") (internal quotation marks omitted).

To secure a preliminary injunction, a movant must show (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without the injunction, (3) the harm he would suffer is greater than the harm that the preliminary injunction would inflict on the defendants, and (4) the injunction is in the public interest. *Judge v. Quinn,* 612 F.3d 537, 546 (7th Cir. 2010) (citing *Winter*, 555 U.S. at 20). The considerations are interdependent: the greater the likelihood of success on the merits, the less net harm the injunction must prevent in order for preliminary relief to be warranted. *Judge,* 612 F.3d at 546. Mere speculation will not be sufficient to support a preliminary injunction. *Baird v. Hodge*, 605 F. App'x 568, 570 (7th Cir. 2015) (denying a former cop's request for a preliminary injunction ordering protective custody on the grounds that the Plaintiff had only shown one inmate who is a threat to him and that harm from any other inmate was speculative).

Plaintiff's Motion (Doc. 3) primarily repeats the allegations in **Count 2**. Specifically, he alleges that Jaimet, Thompson, Rodman, Heck, Myers, Skorch, Wrangler, and Hicks have violated his constitutional rights by disciplining him for being in possession of two flash drives after a meeting with his attorney in which the attorney gave Plaintiff the flash drives to review discovery in another matter. (Doc. 3, pp. 1-3). Plaintiff alleges that his rights were violated when he received a late report falsely representing that Hicks served it to him and that he refused to sign. (Doc. 3, pp. 3-4). Plaintiff further alleges that his rights were violated by receiving six months in segregation total (as a result of his various disciplinary proceedings). (Doc. 3, p. 4). In short, Plaintiff's motion addresses the allegations otherwise contained in **Count 2** in this case.

Plaintiff's motion for a preliminary injunction must be denied because he has not adequately alleged that there are grounds for a preliminary injunction to issue, and because the claim that serves as the basis for his request for injunctive relief is being dismissed with

prejudice. As stated above, in order for a preliminary injunction to issue, a plaintiff must allege four elements. Plaintiff has not stated in his request that he is likely to suffer irreparable harm if the injunction is not granted. He also has failed to balance the equities or allege that granting the injunction would be in the public interest. This would be grounds for denying the injunction alone. But Plaintiff also has failed to establish that he can succeed on the merits, and more to the point, the dismissal of Count 2 with prejudice establishes that he cannot succeed on the merits as to his request for injunctive relief. Having limited the request for injunctive relief to Count 2, the motion also falls with that claim. Accordingly, the Court denies Plaintiff's request for injunctive relief, but Plaintiff may, of course, renew his request in connection with a viable claim in any amended complaint he wishes to submit.

*Motion to Appoint Counsel*

Plaintiff has moved the Court to appoint counsel to represent him. (Doc. 5). A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915 (e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Recruitment of counsel lies within the sound discretion of the court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to recruit counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a

plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

Plaintiff has alleged that he wrote to five attorneys asking them to take his case, but no one agreed to take it. (Doc. 5, p. 2). This satisfies his obligation to make a reasonable effort to recruit counsel. But the Court finds that Plaintiff is competent to litigate his case himself at this time. Plaintiff has filed a complaint and two amended complaints on his own. Each complaint that the Court has reviewed has articulated the factual basis for his claim in a clear and easily understood manner. Plaintiff has alleged that he is not receiving an "adequate" law library in that he is not receiving adequate mail service or copies and that he cannot conduct necessary research. In order to file an amended complaint, however, Plaintiff only needs to allege sufficient facts that are within his knowledge and control; legal briefing is not required, and there is no reason to conduct research at this stage in the case. Additionally, Plaintiff's statement that there is not adequate mail service or copies is too vague to justify appointing counsel. Plaintiff has not pointed to any specific examples of inferior mail service, and the Court has consistently received pleadings and motions from him since opening this case. For these reasons, Plaintiff's Motion to appoint counsel will be denied. He may, of course, renew his request at a later time.

*Motions for Status*

Plaintiff has also filed two motions for status. As this order serves as a status of the case, those motions (Docs. 8, 10) are moot.

**Disposition**

**IT IS HEREBY ORDERED** that the Amended Complaint (Doc. 12) is **DISMISSED without prejudice**. **Count 2** is **DISMISSED with prejudice** for failure to state a claim.

Plaintiff's Motion for Preliminary Injunction (Doc. 3) is **DENIED**. Plaintiff's Motion to Appoint Counsel (Doc. 5) is **DENIED**. Plaintiff's Motions for status (Doc. 8, 10) are **DENIED as moot**.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his Second Amended Complaint, stating any facts which may exist to support **Counts 1, 3, 4, and 5,** on or before **August 17, 2018**. An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any other pleading. Should the Second Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff also must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the Second Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any Defendant until after the Court completes its Section 1915A review of the Second Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: July 17, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**